JASON M. FRANK (190957)
ANDREW D. STOLPER (205462)
SCOTT H. SIMS (234148)
FRANK SIMS & STOLPER LLP
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2405

FRANKLIN D. AZAR (pro hac vice)
FRANKLIN D. AZAR &
ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Facsimile: (720) 213-5131

*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MARTIN and LORI MITCHELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CREDIT CORPORATION, a California Corporation<br><br>Defendant. | Case No.: 2:20-cv-10518-JVS-MRW<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER OF NATIONWIDE CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiffs William Martin and Lori Mitchell moved this Court for an Order (1) preliminarily approving the Parties' Stipulation re: Nationwide Class Action Settlement and Release (the "Settlement" or "Settlement Agreement"), (2) certifying a Settlement Class (consisting of a "Statutory Class" and "Non-Statutory Class"), (3) appointing Plaintiffs and their counsel as the Class Representatives and Class Counsel, (4) appointing Atticus Administration LLC as the Settlement Administrator, (5) scheduling a Final Approval Hearing, and (6) directing notice to the Settlement Class (the "Motion");

WHEREAS, Defendant Toyota Motor Credit Corporation ("TMCC") did not oppose Plaintiffs' Motion; and

WHEREAS, the Court has read and considered the Settlement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing, it is hereby **ORDERED** that:

1. To the extent capitalized terms are not defined in this Order, they shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

3. The proposed Settlement Class consists of the following Statutory Class and Non-Statutory Class.

    i. **The Statutory Class**: The Statutory Class includes all persons in the United States: (a) who entered into Finance Agreements with GAP protection in the States of Alabama, Colorado, Indiana, Iowa, Massachusetts, New Jersey, Oklahoma, Oregon, Texas, Vermont, Wisconsin or Wyoming; (b) whose agreements were assigned to TMCC; (c) who paid off their Finance Agreements at least 30 days prior to the original maturity date (an "Early Payoff"); (d) whose Early Payoffs occurred during the Statutory Class Period; and (e) who did not receive a GAP Refund or suffer a total loss of their Vehicle during the term of their Finance Agreement.

    ii. **The Non-Statutory Class:** The Non-Statutory Class includes all persons in the United States: (a) who entered into Finance Agreements with GAP

protection; (b) whose agreements were assigned to TMCC; (c) who paid off their Finance Agreements at least 30 days prior to the original maturity date (an "Early Payoff"); (d) whose Early Payoffs occurred during the period January 1, 2016 through October 25, 2021; and (e) who did not receive a GAP Refund or suffer a total loss of your Vehicle during the term of the Finance Agreement.  The Non-Statutory Class also excludes any persons whose Vehicle is covered by the Statutory Class definition

4. Subject to Final Approval and the entry of Final Judgment, the Court finds that the proposed Settlement Class satisfies the requirements for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23"), and hereby certifies the Statutory Class and Non-Statutory Class for settlement purposes only. The Court finds the prerequisites of Rule 23(a) are satisfied because (i) the number of members in the Statutory Class and Non-Statutory Class are so numerous that joinder of all of their claims would be impracticable; (ii) there are common questions of law and fact; (iii) the claims of Plaintiffs William Martin and Lori Mitchell are typical of the absent class members; and (iv) Plaintiffs and their counsel are qualified and capable of adequately protecting the interests of the class. The Court further finds that the requirements of Rule 23(b)(3) are satisfied because common questions of law and fact predominate over individual issues and a class action is superior to individual lawsuits.  If Final Approval of the Settlement is not granted, or if the Final Approval Order and Final Judgment as contemplated herein is not entered, this Order of Certification shall be vacated and the parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order.

5. In making the findings set forth in Paragraph 4 above, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis based on the authority supporting nationwide certification of breach of contract claims and the similarity of the Automatic Refund Requirements in the twelve (12) States included in the Statutory Class definition.

6. The Court hereby appoints Plaintiff William Martin as the representative of

the Non-Statutory Class and Plaintiff Lori Mitchell as the representative of the Statutory Class. The Court finds these Plaintiffs have claims that are typical of the absent class members in their respective classes, there are not any known conflicts of interests between Plaintiffs and the absent class members, and these Plaintiffs are capable of adequately representing the interests of the absent class members.

7. The Court hereby appoints the following attorneys as counsel for the Settlement Class: Jason M. Frank, Andrew D. Stolper and Scott H. Sims of Frank Sims & Stolper LLP and Franklin D. Azar of Franklin D. Azar & Associates, P.C (collectively, "Class Counsel"). The Court finds that these law firms are qualified and capable of exercising their responsibilities as Class Counsel.

8. The Court finds that the terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant dissemination of the Notice of Settlement according to the Notice Plan. This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is good cause to submit the proposed Settlement to the Settlement Class members and to hold a hearing concerning final approval of the proposed Settlement, and ultimately approve the Settlement.

9. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and the Class Members in this lawsuit, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of TMCC or the Class Releasees. The Settlement Agreement shall not be offered or be admissible in evidence by or against TMCC or the Class Releasees or cited or referred to in any other action or proceeding, except one (i) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (ii) involving any on the named Plaintiffs or Class Member to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or

(iii) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

10. The Notice and provisions for disseminating the Notice of Settlement by first class mail, and email (where available), to the Settlement Class Members and publishing the Long Form Notice on the Settlement Website as described more fully in the Settlement Agreement are hereby approved. The Court approves the form and content of the Notice of Settlement to the Non-Statutory Class and the Notice of Settlement to the Statutory Class, which are attached as **Exhibit E** and **Exhibit F** to the Settlement Agreement. The Court also approves the form and content of the Long Form Notice that will be published on the Settlement Website, which is attached as **Exhibit D** to the Settlement Agreement. The Court further approves the publishing of Digital Advertisements linking to the Settlement Website, exemplars of which are attached as **Exhibit C** to the Settlement Agreement. The Court also approves the form and content of the Claim Form attached as **Exhibit B** to the Settlement Agreement. These materials (i) provide the best practicable notice, (ii) are reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of the action, the terms of the proposed Settlement, and of their right to appear, object to, or exclude themselves from the proposed Settlement, (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) fully comply with federal law, the United States Constitution, and all other applicable laws.

11. The Court hereby appoints Atticus Administration LLC ("Atticus") to serve as the Settlement Administrator. Atticus shall be responsible for providing Notice of Settlement to the Settlement Class and performing the other obligations set forth in the Settlement Agreement.

12. The Settlement Administrator shall mail the Notice of Settlement to the identified Class Members per the terms of the Settlement Agreement within fourteen (14) days of the entry of this Order, or by **July 25, 2022**, whichever is later. On the same date,

the Settlement Administrator will make an informational Settlement Website available to the public, which website will include a copy of this Preliminary Approval Order, the Long Form Notice, the Settlement Agreement, the Claim Form, and other important documents.

13. Within fifteen (15) days after the deadline to mail the Notice of Settlement, TMCC or the Settlement Administrator shall file a declaration with the Court, attesting to the measures undertaken to provide the notice required under the Class Action Fairness Act.

14. Anyone who wishes to be excluded from the Class must submit a written Request for Exclusion (as described in the Notice and Settlement Agreement) by sending it to the Settlement Administrator, by first-class U.S. mail, to the address provided in the Notice. Requests for exclusion must contain all information described in the Settlement Agreement. The envelope containing the Request for Exclusion must be postmarked on or before the date set forth in the Notice, which shall be sixty (60) days after the mailing of the Notice of Settlement pursuant to the Settlement Agreement. The Court shall rule on the validity of exclusions at the Fairness Hearing.

15. Anyone who falls within the Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall remain a Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

16. Any Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court. Objections must contain all information described in the Settlement Agreement and Notice. The envelope containing the Objection to the Settlement must be postmarked on or before the date set forth in the Notice, which shall be sixty (60) days after the mailing of the Notice of Settlement pursuant to the Settlement Agreement (the "Objection Deadline"). Objections must also be filed with the Court by the Objection Deadline. Only Class Members may object to the Settlement. A copy of such papers being filed in support of any Objection shall also be mailed to Class Counsel

and Defense Counsel by the Objection Deadline. If an Objection is being filed by a lawyer on the Class Member's behalf, the lawyer must also file a Notice of Appearance with the Court by the Objection Deadline which includes a declaration attesting that lawyer represents the Class Member and specifying the number of times during the prior five-year period that the lawyer has objected to a class action settlement on his or her own behalf or on behalf of a class member.

17. Any Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the Settlement.

18. Any objecting Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Class Member must mail or file with the Clerk of the Court, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear") on or before the Objection Deadline. The Notice of Intention to Appear must include all information and documents required by the Settlement Agreement and Notice. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement, and who has not filed an Objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement and Notice, will be barred from speaking or otherwise presenting any views at any Fairness Hearing.

19. Class Counsel shall file with the Court their petition for payment of attorneys' fees and reimbursement of litigation costs and expenses no later than fifteen (15) days before the expiration of the deadline for submitting Requests for Exclusion from and Objections to the Settlement Agreement.

20. No later than fourteen (14) days prior to the date set for the Fairness Hearing,

Plaintiff shall file a motion for judgment and final approval of the Settlement. The briefing shall include the Parties' responses to any Objections, as well as a declaration setting forth the number of Settlement Class members who opted-out of the Settlement Class. Such briefing shall be served on any other attorneys who have entered an appearance in this proceeding, and on any member of the Class to whose Objection to the Settlement the memoranda or other briefing responds.

21. On_____ [Date], at _____ [Time], the Court will hold the Fairness Hearing. It shall be held in Courtroom 10C of the United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701. The Fairness Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance with Paragraph 18 of this Order. At the Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel and any Service Awards to the Class Representatives. If appropriate, the Court will issue a Final Order and Judgment memorializing its decision.

22. Pending further orders by this Court, all proceedings in this case shall be stayed, except for proceedings pursuant to this Order. A stay is warranted because it will conserve the Parties' and various courts' resources, minimize interference with this Court's ability to rule on the proposed Settlement, and preserve the Settlement for a short period of time while Class Members receive notice and evaluate their options. A standstill of litigation will be efficient, promotes the public policy favoring settlement and aids resolution of claims on a nationwide basis, which is in the public interest.

23. As directed in Paragraph 4, the Statutory Class and Non-Statutory Class are provisionally certified, and all members of the Settlement Class under the jurisdiction of this Court are enjoined from commencing and thereafter prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against TMCC or the

Class Releasees relating to or arising out of the subject matter of this action until such time as these settlement classes are decertified or pursuant to further orders of this Court.

24. Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 2022

                                                    _____
                                                    Hon. James V. Selna
                                                    United States District Judge